## W. O. Glines v. Albert Ellars.

PROMISSORY NOTES—*Remedies Against Joint Makers.*—The holder of a joint and several promissory note may bring a suit thereon against both of the makers in justice's court (where a justice has jurisdiction), and if he obtains service upon one only, he may take judgment against him and without dismissing his suit as to the other before the justice, may bring another suit against the maker not served and recover in the Circuit Court, but such holder can not have more than one satisfaction of his note.

Assumpsit, on a promissory note.    Appeal from the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge, presiding.    Heard in this court at the November term, 1897.    Affirmed.    Opinion filed February 9, 1898.

R. M. PEADRO, attorney for appellant.

HARBAUGH & WHITAKER, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit brought against appellant on a promissory note for $75, executed by him and H. M. Landees on the eighth of July, 1893, and due July 22 of that year.    To the declaration the general issue and the following special plea were interposed.

And for a further plea in this behalf, this defendant says as to both counts in declaration which are for one and same cause, that the plaintiff ought not to have his aforesaid action against him, because he says that a suit was brought upon the note in declaration

mentioned before one ———, Esq., a justice of the peace in and for Coles County, Illinois, on, to wit, the fifteenth day of July, A. D. 1896, in which the defendant herein and one H. M. Landees were made defendants, and the plaintiff herein was plaintiff, and summons was duly issued by said justice of the peace in favor of said Ellars and against this defendant and said Landees, and service was had upon said Landees and judgment rendered against him for the amount due upon said note at said time, and said cause was not dismissed as to this defendant or other order made herein by said justice of the peace aforesaid; and this defendant avers that the said justice of the peace, upon rendering judgment upon said note, canceled said note and marked the same "Canceled" across its face, and this defendant avers that said justice of the peace, by reason of said suit, obtained jurisdiction over the subject-matter therein involved and upon the note belonged to and is part of the files in said cause before said justice of the peace and not in this court, and of this the defendant is ready to verify, wherefore he prays judgment, etc.

A demurrer was sustained to this plea. The defendant, electing to stand by it, withdrew the general issue. Thereupon the court rendered judgment against the defendant for $89.50 and costs.

It is contended that as appellee elected to sue before a justice of the peace in Coles County and obtained judgment against the joint maker of the note, Landees, that a new suit can not be maintained againt appellant, and that appellee's only remedy is by *scire facias* to make him a party defendant to the judgment rendered against Landees. The contention is based upon Section 10 of Chapter 79 of the Revised Statutes, which is as follows:

"If any summons or capias is served on any one or

more, but not on all the defendants, the plaintiff shall be at liberty to proceed to trial and judgment in the same manner as if all the defendants were in court, and judgment may be entered and execution issued against the defendant served with process. And the justice of the peace shall, on the application of the plaintiff, issue another summons, in the nature of a *scire facias*, against the defendant or defendants not served with original process, as aforesaid, to cause him or them to appear before said justice of the peace, at some stated time, not less than five nor more than fifteen days from the date of such *scire facias* to show cause why he or they should not be made parties to said judgment. And the justice of the peace shall, on return showing service of such *scire facias*, at least three days previous to the time fixed for hearing the same, proceed to hear and determine the matter in the same manner as if such defendant or defendants had been originally served with process, and may grant continuance as in other cases."

We can not agree with that contention. If that were the law then, where two joint makers of a promissory note, residing in the same county, are sued before a justice of the peace of the county, but before service is had upon both of them one removes to another county and can never be found to make him a party to the judgment rendered against his co-maker, he would thereby escape all liability. Such, we can not think, was ever contemplated by the legislature which created that statutory provision. There is nothing in the act, of which the quoted section is a part, to indicate that the payee of a joint note, by taking judgment against one of the makers before a justice of the peace, thereby loses all benefits given by Section 11 of the Practice Act, which reads as follows:

"When several joint debtors are sued and any one or

more of them shall not be served with process, the pendency of such suit or the recovery of the judgment against the parties served shall be no bar to a recovery on the original cause of action against such as are not served in any suit which may be brought against them in any other place than the county where the first suit is brought. This section shall not be so construed as to allow more than one satisfaction."

It is contended that this section has no bearing upon the question because it is a section of an act passed by the legislature to regulate practice in courts of record. While it is true that the legislature has provided two distinct modes of procedure for justices' courts and courts of record, and a party who seeks a remedy in one of the two must be governed by the provision which have been enacted for its regulation, we think it entirely proper in seeking the legislative intent while construing a section of the justices' act, to gather light, if possible, from parts of the act regulating the practice in courts of record. We desire to call attention to the fact, also, that it expressly provided in Paragraphs 8 and 9 of Chapter 98, Starr & Curtis's Annotated Statutes, that suit may be maintained on joint and several promissory notes against one or more of the makers and separate judgments rendered, although there can be but one satisfaction. The note sued on is a joint and several liability, and appellee, if he could not obtain satisfaction of the judgment against Landees, had the right to sue and recover a separate judgment against appellant in any county of the State where he could be found. Judgment affirmed.